IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAD ALLEN NICHOLS )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 17-1267
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Brad Allen Nichols ("Nichols") seeks judicial review of the Social Security Administration's denial of his claim for supplemental security income ("SSI"). Although he alleges a disability beginning on April 1, 2000, the relevant date is June 19, 2009, the date of application for benefits. (R. 871) Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 15 and 20. For the following reasons, Nichols' motion is granted and the Defendant's motion is denied.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6 and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. *See* 5 U.S.C. §

706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert

opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. Procedural History

This case has a somewhat complicated procedural history. Nichols protectively filed his application in June of 2009, alleging he was disabled on April 1, 2000. (R. 869) Following an initial denial, he submitted a written request to have his application reviewed by an ALJ. After a hearing held on December 17, 2010, the ALJ denied the claim. (R. 115-34) After additional review, the Appeals Council remanded the matter back to the ALJ for consideration of new evidence that Nichols had submitted. (R. 146-49) On December 11, 2012, Nichols testified at a second hearing before the ALJ. On January 17, 2013, the ALJ found Nichols was not disabled under the Act. (R. 13-26) The Appeals Council denied Nichols' subsequent request for review and Nichols appealed to this Court.

I remanded the case, directing the ALJ to clarify the grounds for accepting or rejecting the medical evidence of record in support of his disability finding. (R. 960-74) The Appeals Council thereafter remanded the matter to a new ALJ. (R. 955-59) The ALJ then conducted a hearing on August 8, 2016 during which Nichols and his father testified. (R. 904-54) During a subsequent hearing a vocational expert ("VE") testified. (R. 898-903) The ALJ then issued a decision denying the claim for benefits. (R. 866-97) Nichols subsequently appealed the decision to this Court.

III. The ALJ's Decision

As stated above, the ALJ denied Nichols' claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Nichols had not engaged in substantial gainful activity since the application date. (R. 871) At step two, the ALJ concluded that Nichols suffers from the following severe impairments: depression, anxiety, fibromyalgia, and obesity. (R. 871-73) At step three, the ALJ concluded that Nichols does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 873-75) Between steps three and four, the ALJ found that Nichols:

> has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except that he can perform no more than occasional balancing, stooping, kneeling, crouching, crawling and climbing, and he must be able to change position from sitting to standing and vice versa, to be exercised once an hour. Further, the claimant must work in a stable work environment, where the workplace and work process remain generally the same from day to day, and where decision-making uses only concrete variables within standardized situations. Additionally, instructions must be given verbally, or by short demonstrations, with 30 days for retraining. Finally, he can perform no precision work and no work where one must keep up with a machine.

(R. 875) At step four, the ALJ found that Nichols has no past relevant work. (R. 887) Ultimately, at the fifth step of the analysis, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy" that Nichols can perform. (R. 887)

### III. Discussion

Nichols offers several arguments in support of remand. I need only address one. He contends that the ALJ improperly disregarded the opinions of his treating physicians and the examining psychiatrist. After careful consideration, I agree.

Dr. Gregory Molter served as one of Nichols' treating physicians. Molter completed two Physical Capacity Evaluations, one in January of 2011 and one in

December of 2012. (R. 623-25, 800-02) The forms are virtually identical. In each instance, Molter diagnoses Nichols with chronic fatigue, fibromyalgia, depression / anxiety, and acidosis / Crohn's. (R. 623, 800) He limited Nichols to lifting no more than five pounds; sitting up to three hours in an 8-hour workday and standing up to two hours in an 8-hour workday. (R. 623-24, 800-801) Molter also restricts Nichols to only "occasionally" bending, climbing, stooping, balancing, crouching, kneeling, crawling, reaching, pushing, and / or pulling. (R. 624, 801) The ALJ gave "no weight" to the postural restrictions, and "little weight" to Molter's overall assessments. (R. 885)

Although the ALJ offers several explanations in support of her conclusions, I find it troubling that the ALJ made factual assertions regarding Molter's treatment of Nichols that are not borne out by the record. For instance, the ALJ writes that "[i]n January 2011, he found the claimant unable to work after only one visit for sinusitis…." (R. 885) In fact, the record indicates that Nichols made multiple visits to Molter prior to the issuance of the first Physical Capacity Evaluation. Nichols first presented to Molter on March 16, 2010. (R. 544) Molter diagnosed Nichols with Crohn's disease, arthralgia, obesity, GERD, and asthma. (R. 550) Nichols again presented to Molter in September of 2010 with sinus issues and October of 2010 with difficulties in concentration, migraines and muscle aches. (R. 558, 59) Molter's notes reference fibromyalgia, chronic fatigue, depression and Crohn's. (R. 559) I also find it troubling that, as Nichols alleges, the ALJ's discussion of Molter's assessments closely echoes the discussion offered by ALJ Davis, who authored the prior decision. (R. 16-26)

Because I cannot discern from ALJ Papazekos' opinion how much of her assessment of Molter's opinion was predicated upon factual inaccuracies, and / or

whether ALJ Papazekos' simply relied upon ALJ Davis' assessment of Molter's opinion – which contained the same factual inaccuracies, a remand is required. On remand, the ALJ should engage in a thorough and accurate analysis of Nichols' treatment history.[1]

In remanding, I do not mean to suggest that the decision denying benefits is incorrect, only that, based upon the record before me, I cannot assure myself that the ALJ's basis for denying benefits is appropriate.

---

[1] Because I am remanding on this ground, resolution of Nichols' other arguments is unnecessary.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAD ALLEN NICHOLS )
    Plaintiff, )
)
  -vs- ) Civil Action No. 17-1267
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

# ORDER OF COURT

Therefore, this 7th day of March, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is hereby ORDERED that the ALJ's decision is VACATED, the Plaintiff's Motion for Summary Judgment (Docket No. 15) is GRANTED to the extent that Plaintiff seeks remand for further consideration, and the Defendant's Motion for Summary Judgment (Docket No. 20) is DENIED. It is further ORDERED that this matter is REMANDED to the Commissioner for further consideration consistent with the Opinion attached hereto.

This case shall be marked "Closed" forthwith.

                              BY THE COURT:

                              /s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge